UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN A. SIMS,

        Plaintiff,                    Case No. 1:07-cv-266

v.                                          Honorable Richard Alan Enslen

CHRIS BECKER *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed because of immunity, failure to state a claim and under the doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

**Discussion**

    I.       Factual allegations

Plaintiff is currently incarcerated in the Kent County Correctional Facility. Plaintiff's complaint does not concern the conditions of his incarceration; rather, it appears that his claims arise from a pending criminal prosecution in Kent County.[1] Plaintiff sues Kent County Prosecutor Chris Becker; Assistant Kent County Public Defender Valerie Foster; and the Honorable Dennis B. Leiber of the 17th Circuit Court. Plaintiff alleges that his Civil Rights have been violated and seeks monetary damages in the amount of $1,000,000.00 and "to prevent any further re-instated charges to be negated." Compl. at 4, docket #1.

    II.      Immunity

        A.      Kent County Prosecutor

The Supreme Court embraces a functional approach to determining whether a prosecutor is entitled to absolute immunity. *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997); *Forrester v. White*, 484 U.S. 219, 228-9 (1988); *accord Lomaz v. Hennosy*, 151 F.3d 493, 497 (6th Cir. 1998). Under a functional analysis, a prosecutor is absolutely immune when performing the traditional functions of an advocate. *Kalina*, 522 U.S. at 130; *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2003); *Grant v. Hollenbach*, 870 F.2d 1135, 1137 (6th Cir. 1989). The Supreme Court has held that a prosecutor is absolutely immune for the initiation and pursuit of a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Lomaz*, 151 F.3d at 497. Acts which occur in the course of the prosecutor's role as advocate are entitled to protection of absolute immunity in contrast to

---

[1] Plaintiff's complaint failed to provide any of his incarceration information aside from location. Therefore, the Court retrieved his incarceration information from the Kent County Inmate database, available at https://accesskent.com/InmateLookup.

investigatory or administrative functions that are normally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 276-78 (1993); *Grant*, 870 F.2d at 1137. In the Sixth Circuit, the focus of the inquiry is how closely related is the prosecutor's conduct to his role of an advocate intimately associated with the judicial phase of the criminal process. *Spurlock*, 330 F.3d at 797; *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir. 1997).

The conduct alleged by Plaintiff unquestionably related to the initiation of the state's case. Plaintiff alleges that the prosecutor's "prior involvement in Plaintiff's prior felony charge" shows that Becker has "demonstrated bias and malice intent towards Plaintiff." Compl. at 2-3. Defendant Becker, however, is immune because "[a]bsolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously . . . . The decision to prosecute . . . 'even if malicious and founded in bad faith, is unquestionably advocatory and at the heart of the holding in *Imbler*.'" *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) (internal citations omitted) (county prosecutors were absolutely immune from civil rights suit alleging they conspired with former criminal defendant's wife and knowingly brought false charges of child abuse against the former defendant); *see also Spurlock v. Thompson,* 330 F.3d 791, 797-98 (6th Cir. 2003) (prosecutor's decision to have witnesses testify falsely at criminal trial was protected by absolute immunity). Accordingly, Kent County Prosecutor Becker is absolutely immune from Plaintiff's suit for monetary damages and Plaintiff's claims must be dismissed.

B.   The Honorable Dennis A. Leiber

Plaintiff sues Kent County Circuit Judge Dennis A. Leiber alleging he violated Plaintiff's constitutional rights by denying Plaintiff's request for "dismissal and reappointment of new counsel." Compl. at 3.

Generally, judges are immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v, Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).

Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12. Plaintiff's complaint fails to implicate either of the exceptions to judicial immunity. To the extent Judge Leiber denied Plaintiff's request for dismissal or appointment of new counsel, there is no doubt that he was acting within his jurisdiction. Accordingly, Judge Leiber is absolutely immune from Plaintiff's claim for monetary damages.

### III.   Failure to State a Claim

Plaintiff has failed to state a claim against his court-appointed counsel, Defendant Foster. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the

challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).

Plaintiff cannot show that his court-appointed attorney acted under color of state law. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that defense counsel performs a private, not an official, function:

> In our system, a defense lawyer characteristically opposes the designated representatives of the State. The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness. But it posits that a defense lawyer best serves the public, not by acting on behalf of the State or in concert with it, but rather by advancing "the undivided interest of his client." This is essentially a private function, traditionally filled by retained counsel, for which State office and authority are not needed.

454 U.S. at 318-19. The *Polk County* Court further held that this is true even of the state-appointed and state-paid public defender. The Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." 454 U.S. at 325. The Court said that, once a lawyer undertakes the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serves in a legal aid or defender program. The Court held that, even though a public defender is paid by the state, he or she does not act under color of state law in representing the accused. Rather, defense counsel – whether privately retained or paid by the state – acts purely on behalf of the client and free from state control. Moreover, the Court concluded that "when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'" *West,* 487 U.S. at 50 (citing *Polk County*, 454 U.S. at 322, n.13). The Sixth

Circuit has adhered to the holding in *Polk County* in numerous unpublished decisions. *See, e.g.*, *Carswell v. Hughes*, No. 99-1795, 2000 WL 658043, at *1 (6th Cir. May 9, 2000); *Blake v. Kane*, No. 98-4386, 2000 WL 302980, at *1 (6th Cir. Mar. 14, 2000); *Rodgers v. Stacey*, No. 99-3408, 2000 WL 190100, at *1 (6th Cir. Feb. 7, 2000); *Pagani-Gallego v. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998); *Watson v. Career*, No. 99-5319, 1999 WL1282433, at *1 (6th Cir. Dec. 27, 1999); *Carson v. Giovanni*, No. 88-1412, 1988 WL 107376, at *1 (6th Cir. Oct. 14, 1988). Accordingly, Defendant Foster did not act under color of state law, and no claim under § 1983 can be maintained against her.

To the extent that Plaintiff asserts claims of legal malpractice, these claims arise solely under state law. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *1-*2 (6th Cir. June 18, 1998). Accordingly, Plaintiff's claims against Defendant Foster should be dismissed.

VI.   Request for Injunctive Relief

To the extent that Plaintiff is seeking an injunction or declaratory relief barring the pending charges from proceeding, this Court must abstain from granting such relief under *Younger v. Harris,* 401 U.S. 37 (1971). The Supreme Court in *Younger* explained that a federal court should only interfere with state court proceeding in "extraordinary circumstances." *Id.* (citing *Fenner v. Boykin*, 271 U.S. 240, 243 (1926)). The *Younger* Court stated that "it has been perfectly natural for our cases to repeat time and time again that the normal thing to do when federal courts are asked to

enjoin pending proceedings in state courts is not to issue such injunctions." *Id*. at 45. The Sixth Circuit held that:

> [I]n determining the applicability of the [*Younger*] abstention rule a federal court should consider at least three separate factors: (1) whether a state proceeding is pending at the time the federal action is initiated; (2) whether an adequate opportunity is provided to raise the constitutional claims in the state proceeding; and (3) whether there are extraordinary circumstances which nevertheless warrant federal intervention.

*Foster v. Kassulke,* 898 F.2d 1144, 1146 (6th Cir. 1990) (citing *Zalman v. Armstrong*, 802 F.2d 199, 202 (6th Cir. 1986)). Plaintiff requests an injunction for the "present case as soon as possible to be resolved, and to prevent any further re-instated charges to be negated." Compl. at 4. In applying the *Younger* abstention doctrine to Plaintiff's request, it is appropriate for the Court to abstain from granting an injunction to bar the state court proceedings.

First, it is evident that there are state court proceedings which had been initiated at the time Plaintiff filed this action because Plaintiff is in custody pending the resolution of those proceedings. Second, Plaintiff will have the opportunity to raise his defenses to the pending charges to the state court. Third, this case does not present "extraordinary circumstances" which would warrant the intervention of the federal court.

> [W]hen absolutely necessary for protection of constitutional rights courts of the United States have power to enjoin state officers from instituting criminal actions. *But this may not be done except under extraordinary circumstances where the danger of irreparable loss is both great and immediate.* Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the State and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this course would not afford adequate protection.

*Younger*, 401 U.S. at 45 (quoted by *Foster*, 898 F.2d at 1147) (emphasis added). Plaintiff makes no showing that the state proceedings will not afford him adequate protection and the relief requested.

Additionally, the Plaintiff is not exposed to an irreparable injury. The Supreme Court held that for an injury to be "irreparable" within the meaning of *Younger* "the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution." *Younger*, 401 U.S. at 46 (quoted by *Foster,* 898 F.2d at 1147). Plaintiff's request that his case be resolved and any further charges "negated" will be resolved by Plaintiff's defense against the prosecution. Therefore, it is appropriate for this Court to abstain from interfering with the state court proceedings by granting Plaintiff's request for an injunction. Accordingly, Plaintiff's claim for injunctive relief should be dismissed.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for immunity, failure to state a claim and under the *Younger* doctrine pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Date:  June 13, 2007                                          /s/ Ellen S. Carmody
                                                              ELLEN S. CARMODY
                                                              United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).