UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOHN A. SIMS,

    Plaintiff,

Case No. 1:07-CV-266

v.

Hon. Richard Alan Enslen

CHRIS BECKER, *et al.*,

**JUDGMENT**

    Defendants.
_____/

    This matter is before the Court to review Plaintiff John A. Sims' Objections to the Report and Recommendation of United States Magistrate Judge Ellen S. Carmody filed on June 13, 2007. Her Report recommended dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court now reviews the Objections, the Report and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    Upon such review, the Court determines that the Report and Recommendation should be adopted and the Objections denied principally for the reasons given in the Report. Plaintiff's claims against Defendant Chris Becker, an assistant prosecutor, are barred by immunity as explained in *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) and *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir. 2001). Plaintiff's claims against the Honorable Dennis A. Leiber, Kent County Circuit Judge, are also subject to dismissal because of judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Barnes v. Winchell*, 105 F.3d 1111 (6th Cir. 1997). No exceptions to immunity are applicable even after liberally construing the Complaint and Objections. Plaintiff's civil rights claims under 42 U.S.C. § 1983 against his court-appointed counsel also fail due to an absence of

state action. *Polk v. Dodgson*, 454 U.S. 312, 318-19 & 325 (1981). Due to the dismissal of the other claims in this suit, the dismissal of Plaintiff's supplemental state law claims against his court-appointed counsel is likewise appropriate under 28 U.S.C. § 1367(c)(3). *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254 (6th Cir. 1996). Finally, Plaintiff's claims for injunctive relief–that the prosecution of pending state criminal charges against him be discontinued–is barred by the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37, 45 (1971). No exceptional circumstances warrant an exception to the *Younger* doctrine in this suit. *See id.*

For the reasons given here and in the Report and Recommendation, the Court also discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt. No. 6) are **DENIED**, the Report and Recommendation (Dkt. No. 5) is **ADOPTED**, and this action is **DISMISSED** due to immunity, failure to state a claim, the *Younger* doctrine and the terms of 28 U.S.C. § 1367(c)(3). This dismissal is made pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b).

**IT IS FURTHER ORDERED** that this dismissal is **ADJUDICATED** as a "strike" for the purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court certifies that an appeal of this Judgment would not be made in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

Dated in Kalamazoo, MI:            /s/Richard Alan Enslen
July 24, 2007                              Richard Alan Enslen
                                                   United States District Judge